```
                                          USDC SDNY
                                          DOCUMENT
                                          ELECTRONICALLY FILED
                                          DOC #:
UNITED STATES DISTRICT COURT              DATE FILED: 09/26/2013
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA          :       STIPULATION AND
                                          PROTECTIVE ORDER
     -v.-                         :

RAJARENGAN RAJARATNAM,            :       13 Cr. 211 (NRB)
    a/k/a "Rengan Rajaratnam,"
                                  :
          Defendant.
                                  :
- - - - - - - - - - - - - - - - - - - - x
```

       Upon the application of the United States of America, by Preet Bharara, United States Attorney, David I. Miller, Assistant United States Attorney, of counsel, and Rajarengan Rajaratnam, a/k/a "Rengan Rajaratnam," the defendant, by and through his counsel, Daniel Gitner, Esq., for the entry of a protective order pursuant to Federal Rule of Criminal Procedure 16(d) for certain documents, and having the consent of all parties, and for good cause,

       IT IS HEREBY ORDERED THAT:

       1. Documents produced to the Government by International Business Machines Corp. (bearing the bates prefix "IBM_RWM"), Market Street Partners (bearing the bates prefixes "GJ-MSP" and "SEC-MSP"), Akamai Technologies Inc. (bearing the bates prefix "AK_USAO"), Intel Corp. (bearing the bates prefix "49030DOC"), McKinsey & Company (bearing the bates prefix "MCK"), Lenovo Group Ltd. (bearing the bates prefix "LEN"), Goldman Sachs (bearing the bates prefix "GS-R"), Polycom, Inc. (bearing the bates prefixes "ePOLY" and "P"), Sybase, Inc. (bearing a "USA"

bates prefix), Atheros (bearing a "USA" bates prefix), and other third parties as may be agreed upon by all parties hereto in writing, and, in turn, produced by the Government to the defendant's counsel pursuant to Federal Rule of Criminal Procedure 16, are deemed confidential (hereinafter "Confidential Information"). Confidential Information disclosed to the defendant and his counsel during the course of proceedings in this action:

      a. Shall be used by the defendant and/or his counsel solely for the purposes of this criminal action and Securities and Exchange Commission v. Rajarengan (a/k/a Rengan) Rajaratnam, 13 Civ. 1894 (JGK) (the "SEC Case"); and

      b. Shall not be disclosed in any form by the defendant and/or his counsel except as set forth in paragraphs 2, 3 and 5 below.

      2. Confidential Information, and information taken from the Confidential Information, may only be disclosed or disseminated by the defendant and/or his counsel to a third party if such disclosure or dissemination is in connection with the defense of this case. No party shall disclose Confidential Information to members of the media. The defendant or defendant's counsel may not use, disclose, or disseminate Confidential Information, or any information taken from the Confidential Information, for any purpose other than in

2

connection with the defense of this case. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and advised that he/she shall not further disseminate the materials except by the express direction of counsel for the defendant and in a manner consistent with this Order. Copies of documents containing confidential information may not be given to or remain in the custody of fact witnesses.

3. Confidential Information may also be disclosed to counsel for a party in the SEC Case, but only pursuant to a duly issued discovery request in the SEC Case and only after the defendant and/or his counsel has designated the Confidential Information as "Confidential" pursuant to any protective order entered in the SEC Case.

4. The defendant agrees that he has no ownership and/or proprietary interest in the materials subject to this Protective Order. The defendant further agrees that all such materials are to be returned to the Government at such time as they are no longer needed in this action, at the end of the criminal proceeding and the SEC Case, and/or upon Order of the Court, whichever occurs first.

5. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion,

hearing, and/or trial held in this action or the SEC Case, and/or to the Court for the purposes of this action.

      6. Nothing in this Order shall preclude the Government and/or the defendant from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material.

      7. This Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

Dated:  New York, New York
       September 26, 2013

                PREET BHARARA
                United States Attorney for the
                Southern District of New York

By:  _____
     David I. Miller
     Assistant United States Attorney


_____
Daniel Gitner, Esq.
Attorney for Rengan Rajaratnam


SO ORDERED:

_____
HONORABLE NAOMI REICE BUCHWALD, USDJ
UNITED STATES DISTRICT JUDGE   9/24/13

4

hearing, and/or trial held in this action or the SEC Case, and/or to the Court for the purposes of this action.

      6. Nothing in this Order shall preclude the Government and/or the defendant from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material.

      7. This Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

Dated:  New York, New York
       September 23, 2013

                PREET BHARARA
                United States Attorney for the
                Southern District of New York

By: _____
    David I. Miller
    Assistant United States Attorney

_____
Daniel Gitner, Esq.
Attorney for Rengan Rajaratnam

SO ORDERED:

_____
HONORABLE NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

4