

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 2, 2014

**BY HAND**
The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2270
New York, New York 10007

  Re: **United States v. Rajarengan Rajaratnam, a/k/a "Rengan Rajaratnam,"**
    **13 Cr. 211 (NRB)**

Dear Judge Buchwald:

  The Government respectfully submits this letter in response to the Court's March 28, 2014 request for additional information, following oral argument on the Defendant's motion to dismiss the Indictment.

  In its January 23, 2014 Bill of Particulars, the Government designated the following individuals as co-conspirators in this case: Raj Rajaratnam;           ; Rajiv Goel; Anil Kumar;           ; and Danielle Chiesi.          and           have not been charged criminally by the Government. Rajiv Goel and Anil Kumar were charged by Information 10 Cr. 90 (LAP) and Information 10 Cr. 13 (DC), respectively, and the Government did not identify any co-conspirators in either of those cases, as both defendants pled guilty before any motion practice. In connection with the prosecution of Raj Rajaratnam and Danielle Chiesi by Indictment 09 Cr. 984 (RJH) (the "Raj Indictment"), the Government identified the following co-conspirators with respect to Count One of that Indictment, which charged a conspiracy to engage in insider trading between Raj Rajaratnam and certain Galleon Group ("Galleon") employees: Rengan Rajaratnam; Ali Far; Zvi Goffer;           ;           ;           ;           ;           ; Adam Smith;           ; and Michael Cardillo. With respect to Count Seven[1] of the Raj Indictment, the Government identified the following co-conspirators of Danielle Chiesi: Mark Kurland; Steven Fortuna;           ; Ali Far;           ;           ;           ; and           . With respect to the other conspiracy counts in the Raj Indictment, the co-conspirators identified by the Government are set forth on the face of that Indictment itself. Copies of the relevant indictments, informations, and bills of particulars are enclosed herewith.

---

[1] Here, Count Seven refers to Superseding Indictment S1 09 Cr. 984 (RJH).

Hon. Naomi Reice Buchwald, U.S.D.J.
April 2, 2014
Page 2

      The Government also respectfully takes this opportunity to provide additional information relating to questions raised at the oral argument about the conspiracy offense alleged in Count One.

      First, the Defendant's assertion that the Government – in referencing two different securities (AMD and Clearwire) – has improperly "smushed" two separate conspiracies into Count One is wrong. (Tr. 6). As the Court recognized ("Why can't there be a simple conspiracy to engage in insider trading?," Tr. 8), the Government has charged a single conspiracy to engage in insider trading. See Indictment ¶ 8 (charging "a scheme to defraud by obtaining, sharing and disclosing material, nonpublic information belonging to publicly-traded companies ('Inside Information') and/or executing securities transactions on the basis of Inside Information."). Charging an insider trading conspiracy in this manner is wholly consistent with numerous prior insider trading cases – including the Raj Rajaratnam case – where the Government has routinely included multiple securities in a single conspiracy count. See, e.g., United States v. Raj Rajaratnam, 09 Cr. 984 (RJH) (Count One of S2 Indictment charged conspiracy involving Integrated Circuit Systems, Xilinx, Clearwire, Vishay Intertechnology, Spansion, AMD, Goldman Sachs, Atheros Communications, and Marvell; Count Seven of S1 Indictment charged conspiracy involving AMD, IBM, Akamai Technologies, Inc. and Sun Microsystems); United States v. Rajat Gupta, S1 11 Cr. 907 (JSR) (Count One charged insider trading conspiracy involving securities of Goldman Sachs and Procter & Gamble); United States v. Todd Newman, et al., S2 12 Cr. 121 (RJS) (Count One charged insider trading conspiracy involving securities of Dell and NVIDIA); United States v. Michael Steinberg, S4 12 Cr. 121 (RJS) (same).

      Moreover, the conspiracy charged here is completely consistent with the conspiracy charged in Count One of the Raj Indictment, which alleged a conspiracy among Raj Rajaratnam and certain Galleon employees, including his brother, the Defendant. In fact, the Defendant was designated as a co-conspirator of Raj Rajaratnam, and two of the overt acts set forth in Count One of the Raj Indictment – relating specifically to AMD and Clearwire – pertain to the Defendant. See Indictment S2 09 Cr. 984 (RJH) ¶¶ 7(c) and 7(f); January 22, 2011 Bill of Particulars. Thus, the Defendant is simply mistaken in repeatedly contending that the Indictment in this case reflects a "chang[ed] theor[y]" from the Indictment against Raj Rajaratnam.

      Next, the Defendant argues that neither Rajiv Goel nor Anil Kumar is properly designated as a co-conspirator in the specific conspiracy charged here. The Second Circuit has prescribed several factors to determine whether a tipper and remote tippee are in the same conspiracy. See United States v. Geibel, 369 F.3d 682, 690 (2d Cir. 2004) (factors in establishing remote tippee's membership in conspiracy include: "(1) if the scope of the trading agreement were broader 'to include trading by or for persons other than the small group of conspirators'"; (2) "if the conspirators reasonably foresaw, as a necessary or natural consequence of the unlawful agreement, information being passed to remote tippees"; (3) "actual awareness of the remote tippees"; and (4) "whether there was 'mutual dependence among the participants'"); see also United States v. McDermott, 245 F.3d 133, 137-38 (2d Cir. 2001); United States v. Gupta, 2014 WL 1193411, *11 (2d Cir. Mar. 25, 2014) (affirming that Gupta, a tipper, was in the same conspiracy as certain Galleon employees who were remote tippees). Applying those

Hon. Naomi Reice Buchwald, U.S.D.J.
April 2, 2014
Page 3

factors here, Goel and Kumar are properly considered co-conspirators of the Defendant. See Indictment ¶ 35a (describing the actions of Goel and Kumar in setting forth the means and methods of the conspiracy). Both Goel and Kumar were personally close with Raj Rajaratnam and were familiar with the operations of Galleon. Moreover, both Goel and Kumar knew of the Defendant, who, of course, was not only a portfolio manager at Galleon, but also Raj Rajaratnam's brother. Indeed, the Indictment even describes Kumar's awareness of the Defendant's efforts to cultivate another source of inside information at McKinsey. See Indictment ¶ 30.

That Goel and Kumar were not designated as co-conspirators in the conspiracy charged in Count One of the Raj Indictment – but were rather part of two separate conspiracy counts – is of no moment. Whether Goel and Kumar were co-conspirators under Geibel/McDermott/Gupta of each of the twelve Galleon employees identified in the Raj Rajaratnam case is a different question from whether they are properly considered co-conspirators of the Defendant, for it was at least reasonably foreseeable to Goel and Kumar that Raj would convey their tips to his brother, who was also employed at Galleon.

Even if the Court were to disagree, however, and conclude that neither Goel nor Kumar is part of the conspiracy charged here, the remedy sought by the Defendant – namely, forcing the Government to elect between the two securities charged in the Indictment (Tr. 9) – simply does not follow, logically or legally. At most, a finding that neither Goel nor Kumar is the Defendant's co-conspirator would simply preclude the Government from relying upon Federal Rule of Evidence 801(d)(2)(E) to offer certain of their statements in evidence. Nevertheless, there are other evidentiary bases for the admission of statements by Goel and Kumar, and the Government would properly seek to admit them on those grounds.

Accordingly, Count One is properly charged, consistent with Count One of the Raj Indictment, and the Defendant's motion should be denied.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: *Christopher D. Frey*
David I. Miller / Christopher D. Frey
Assistant United States Attorneys
(212) 637-2484/2270

Enclosures

cc: Daniel Gitner, Esq. (By E-mail)