UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

          - against -           **MEMORANDUM AND ORDER**

RAJARENGAN RAJARANTNAM,         13 Cr. 211 (NRB)

          Defendant.
----------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On March 20, 2013, defendant Rajarengan Rajaratnam ("defendant") was charged in a seven-count indictment (the "Indictment"). Count One charges defendant with conspiracy to commit securities fraud, while Counts Two through Seven charge substantive securities fraud violations. Defendant has moved to: (1) dismiss the Indictment for failure to allege the essential elements of the crimes charged; (2) dismiss or narrow Count One on grounds of duplicity; (3) dismiss Counts Four and Seven as repugnant; and (4) suppress wiretap evidence. Oral argument on the motions was heard on March 27, 2014. Additional substantive submissions were filed by the parties thereafter. For the reasons set forth below, we reserve decision on the motion to dismiss Counts Four and Seven pending the Government's determination on whether it will proceed on these counts, and we deny the other motions.

**BACKGROUND**

According to the Indictment, the allegations of which we accept as true for purposes of the present motions, <u>United States v. Goldberg</u>, 756 F.2d 949, 950 (2d Cir. 1985), defendant, while employed as a portfolio manager at the Galleon Group hedge fund in 2008, conspired with his brother, Raj Rajaratnam ("Raj"), and various others to engage in insider trading. Specifically, defendant is charged with receiving from Raj material, non-public information relating to the common stock of two companies, Clearwire Corporation ("Clearwire") and Advanced Micro Devices, Inc. ("AMD"), and then trading on that information in his personal brokerage account at Fidelity Investments and in certain Galleon Group funds. Raj obtained the information about Clearwire and AMD from insiders Rajiv Goel ("Goel") and Anil Kumar ("Kumar"), respectively, in violation of their fiduciary duties. Thus, in the chain of information disclosure, Goel and Kumar are the tippers, Raj the immediate tippee, and defendant the remote tippee.

**DISCUSSION**

**I.   The Indictment Adequately Alleges the Essential Elements of the Crimes Charged.**

The issue of whether the Indictment is legally sufficient is addressed in a well-established context. An indictment "need do little more than to track the language of the statute charged

and state the time and place (in approximate terms) of the alleged crime." United States v. Stringer, 730 F.3d 120, 124 (2d Cir. 2013) (internal quotation marks omitted). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions." Hamling v. United States, 418 U.S. 87, 117 (1974) (citations omitted). Indeed, Federal Rule of Criminal Procedure 7(c) merely requires that an Indictment contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged."

Beyond the customary framework in which an indictment is evaluated, however, insider trading cases, especially those involving tippee-defendants, present a somewhat different challenge since the elements of the crime have been heavily shaped through caselaw. The Government and defendant agree that the elements of tippee liability include: (1) that the tipper benefited in some way from disclosing the inside information, and (2) that the tippee knew that the tipper breached his fiduciary duties. See Def. Br. at 5, 7; Gov'n't Opp. Br. at 11. However, the parties disagree on whether the tippee must have knowledge of the tipper's personal benefit. Defendant argues

that it is an element, and that the Indictment is defective because it fails to allege such knowledge.  He also argues that the Indictment is defective because it fails to allege that either tipper received a personal benefit.

First, regarding defendant's later argument, it is accurate that the Indictment does not explicitly state that the tippers received a personal benefit.  However, the Indictment alleges that the tippers disclosed the inside information in breach of their fiduciary duties.  (See Indictment ¶¶ 9, 11, 22, 35.) Such a breach necessarily implies a personal benefit.  See Dirks v. SEC, 463 U.S. 646, 662 (1983) ("Absent some personal gain, there has been no breach of duty to stockholders.").  Therefore, because "[a]n indictment must be read to include facts that are necessarily implied by the specific allegations made," United States v. Stavroulakis, 952 F.2d 686, 693 (2d Cir. 1992), the Indictment adequately alleges a personal benefit.[1]  See also United States v. Silverman, 430 F.2d 106, 111 (2d Cir. 1970) (holding that use of the term of art "labor organization" in the

---

[1] Notably, "'personal benefit' is broadly defined to include not only pecuniary gain, but also, inter alia, any reputational benefit that will translate into future earnings and the benefit one would obtain from simply making a gift of confidential information to a trading relative or friend." United States v. Jiau, 734 F.3d 147, 153 (2d Cir. 2013) (internal ellipses, brackets, quotation marks, and citations omitted).  Moreover, "[t]he existence of a relationship between the insider and the recipient that suggests a quid pro quo from the latter, or an intention to benefit the latter may be sufficient to justify an inference of personal benefit." Id. (internal brackets and quotations marks omitted).

indictment "necessarily implies . . . the essential element of interstate commerce").

Second, whether a tippee must have knowledge of a tipper's personal benefit in order to be held criminally liable has not yet been resolved in the Second Circuit. See United States v. Whitman, 2014 U.S. App. LEXIS 2942, at *17 (2d Cir. 2014) ("We have yet to decide whether a remote tippee must know that the original tipper received a personal benefit in return for revealing inside information."); compare United States v. Whitman, 904 F. Supp. 2d 363, 374 (S.D.N.Y. 2012) (knowledge of personal benefit required), and United States v. Rajaratnam, 802 F. Supp. 2d 491, 499 (S.D.N.Y. 2011) (same), with United States v. Newman, 2013 U.S. Dist. LEXIS 70242, at *5 (S.D.N.Y. May 7, 2013) (knowledge of personal benefit not required).   Although there is no question that a tippee must know of the tipper's breach of fiduciary duty, defendant argues that under Dirks v. SEC, 463 U.S. 646 (1983), and its progeny, knowledge of a tipper's breach requires knowledge of a personal benefit. Assuming the correctness of defendant's position, then charging knowledge of a breach of fiduciary duty as was done here necessarily charges knowledge of a personal benefit, thus making the Indictment sufficient.  (See Indictment ¶ 8 (alleging that defendant "kn[ew] that the Inside Information had been disclosed

in violation of duties of trust and confidence"), ¶¶ 13, 14 (alleging that defendant "kn[ew] that the Intel Inside Information had been improperly obtained").)

Other courts have reached the same conclusion. For example, in United States v. Whitman, 904 F. Supp. 2d 363, 374 (S.D.N.Y. 2012), Judge Rakoff required the Government to prove that the defendant knew about the personal benefit to the tipper, but had earlier refused to dismiss the indictment, which did not specifically allege such knowledge, because it alleged, like the Indictment in the instant case, that the "inside information . . . was obtained in violation of duties of trust and confidence." See 12 Cr. 125 (JSR), June 21, 2012 Oral Argument Tr. at 3, 24. Likewise, in United States v. Santoro, 647 F. Supp. 153 (E.D.N.Y. 1986), aff'd mem. 880 F.2d 1319 (2d Cir. 1989), then-District Judge McLaughlin agreed that a tippee must know of the tipper's personal benefit, and that the jury had to have this explained "as an element of knowledge of the breach." Santoro, 647 F. Supp. at 170. But, like Judge Rakoff, Judge McLaughlin ruled that the indictment was not facially deficient for alleging only knowledge of a breach of fiduciary duty. Id. at 170-71.

Thus, defendant's motion to dismiss the Indictment for failure to allege the essential elements of the crimes charged

is denied.   The Indictment tracks the language of the relevant statutes (see Indictment ¶¶ 33, 34, 38), provides sufficient particulars to apprise defendant of the charges against him and avoid double jeopardy problems, and adequately alleges the essential elements of tippee liability that have developed through caselaw.

To be clear, however, the sufficiency of the Indictment is an issue separate and apart from whether the Court will charge that the defendant needs to have knowledge of a personal benefit received by the tipper.   In this regard, we fully appreciate that the parties need guidance on the legal issue in advance of trial.   However, this issue is currently pending before the Second Circuit,[2] and some guidance may be forthcoming.   If such guidance is not available sufficiently before trial, the parties will be informed of this Court's view on the pending issue.

**II.  Count One is Not Duplicitous.**

Next, defendant contends that Count One is duplicitous because it alleges a single conspiracy when it should allege two: one involving Goel and Clearwire, and another involving Kumar and AMD.   In his memoranda of law and at oral argument, defendant focused on the fact that in the prosecutions of Raj, Goel, and Kumar, the Government did not allege that Goel and

---

[2] See United States v. Newman and Chiasson, Docket Nos. 13-1837 (L), 13-1917 (CON).

Kumar were ever part of the same conspiracy. From that he argued that the Government was precluded from alleging such a conspiracy in this case. However, following oral argument, the parties filed several supplemental submissions addressing this issue, which ultimately resulted in a modification to the charged conspiracy. Specifically, after defendant noted Goel's prior testimony that he "never met" and "didn't even know" defendant at the time he was providing inside information about Clearwire to Raj (Def. letter of April 3, 2014, at 3), the Government retracted its claim that Goel was one of defendant's co-conspirators. The Government stated that it "re-examined the evidence" and "no longer contends that, under the applicable legal standard, [Goel and defendant] can be fairly viewed as co-conspirators in the charged conspiracy." (Govn't letter of April 7, 2014, at 5.) Although this new development negates some of defendant's duplicity concerns and narrows the scope of the alleged conspiracy, defendant objects on the grounds that it impermissibly amends the Indictment and does not cure the duplicity.

Below, we first address whether the Government may take the position that Goel was not a co-conspirator when the Indictment says otherwise. (See Indictment ¶ 5 (calling Goel "a co-conspirator not named as a defendant herein").) After

concluding that it may, we then turn to defendant's duplicity argument and hold that, regardless of whether Goel is considered a co-conspirator, the Indictment sufficiently alleges a single conspiracy.

A.  The Government's Change of Position Regarding Goel

Defendant argues that the Government has unlawfully amended the Indictment by removing Goel from the alleged conspiracy. "[A] court cannot permit a defendant to be tried on charges that are not made in the indictment against him." United States v. Miller, 471 U.S. 130, 143 (1985).  Therefore, the Government may not amend an indictment so "as to charge a different offense from that found by the grand jury." Id. at 144-45.  However, modifying a conspiracy charge is acceptable when it does "not alter any essential element of the charged conspiracy." United States v. Weiner, 152 Fed. Appx. 38, 42 (2d Cir. 2005).  In determining whether an "essential element" of an offense has been altered, the Second Circuit has "consistently permitted significant flexibility in proof, provided that the defendant was given notice of the core of criminality to be proven at trial." United States v. Delano, 55 F.3d 720, 729 (2d Cir. 1998) (internal quotation marks omitted).  "The 'core of criminality' of an offense involves the essence of a crime, in general terms; the particulars of how a defendant effected the

crime falls outside that purview." United States v. D'Amelio, 683 F.3d 412, 418 (2d Cir. 2012).

"[T]he identity and number of conspirators [are] not elements of a conspiracy under 18 U.S.C. § 371." United States v. Forbes, 2007 U.S. Dist. LEXIS 3346, at *31 (D. Conn. Jan. 17, 2007). Therefore, the exact membership of an alleged conspiracy may be modified where, as here, the modification does not deprive defendant of notice of the "core of criminality" of the offense.[3] See id.; United States v. Cahalane, 560 F.2d 601, 605-06 (3d Cir. 1977). The Indictment's reference to Goel being a co-conspirator is a claim that falls outside the core criminal conduct alleged in Count One.[4] Indeed, the core allegation is that defendant conspired with Raj and others to engage in insider trading based on information provided by Goel and Kumar in violation of their fiduciary duties. See United States v. Rajaratnam, 736 F. Supp. 2d 683, 686 (S.D.N.Y. 2010) ("That the government has now supplied more detail about the securities at issue does not change the core criminality alleged; it is still

---

[3] Not only is the "core of criminality" left intact by the Government's decision to no longer consider Goel a co-conspirator, any potential notice issues are avoided by the fact that this decision was announced over two months before trial is scheduled to begin.

[4] In so concluding, we draw a parallel with the line of cases holding that the specific means used by a defendant to effect his crime does not constitute an "essential element" of the offense and, therefore, proof of specific means apart from those charged in the indictment does not constructively amend the indictment. See United States v. D'Amelio, 683 F.3d 412, 422 (2d Cir. 2012) (citing cases).

conspiracy to commit securities fraud."). The Government has not disturbed this allegation by reclassifying the relationship between Goel and defendant to more accurately reflect the law of conspiracy. Accordingly, the Government has not unlawfully amended the Indictment.[5]

B.  Duplicity

Irrespective of whether the Government considers Goel a co-conspirator, defendant maintains his argument that the Indictment is duplicitous because it improperly alleges a single conspiracy. The Government is generally given wide latitude in charging a conspiracy. Cf. United States v. Coscarelli, 105 F.3d 984, 993 (5th Cir. 1997) ("the government has broad latitude in framing the counts of an indictment"). "If the Indictment on its face sufficiently alleges a single conspiracy, the question of whether a single conspiracy or multiple conspiracies exists is a question of fact for the jury." United States v. Rajaratnam, 736 F. Supp. 2d 683, 688 (S.D.N.Y. 2010); see also United States v. Molina, 2013 U.S. Dist. LEXIS 80246, at *3 (S.D.N.Y. June 5, 2013) (holding that "a district court

---

[5] This is particularly true given that the Government's new position serves to narrow, rather than broaden, the scope of the conspiracy charge. See United States v. Khan, 53 F.3d 507, 517 (2d Cir. 1995) ("Where the evidence or jury instructions narrow an offense that is more broadly contained in the indictment, however, the indictment is not constructively amended in violation of the Fifth Amendment."); United States v. Zingaro, 858 F.2d 94, 99 (2d Cir. 1988) (no constructive amendment where proof narrowed scope of the evidence).

should ordinarily not grant a motion to dismiss for duplicity where the indictment sufficiently alleges a single conspiracy . . . even where the indictment appears to actually allege two distinct conspiracies and thus to offend the prohibition against combining multiple conspiracies within a single conspiracy count" (internal citations and quotation marks omitted)). "Boilerplate allegations" of a single conspiracy survive this "facial test." United States v. Ohle, 678 F. Supp. 2d 215, 222-23 (S.D.N.Y. 2010).

Count One alleges that defendant conspired with Raj and others to commit securities fraud by trading stock on the basis of inside information. (Indictment ¶¶ 8, 33, 34.) Thus, Count One on its face sufficiently alleges a single conspiracy.[6]  In contending otherwise, defendant focuses heavily on the factual recitation, which describes two schemes -- "Insider Trading in Clearwire" (Indictment p.4) and "Insider Trading in AMD" (Indictment p.8) -- rather than on the description of the overall conspiracy and its single object.  Although Count One encompasses two schemes, "[a] single conspiracy can pursue multiple schemes without dividing it into multiple conspiracies, as long as there is a single objective."  United States v. Portillo, 2014 U.S. Dist. LEXIS 3415, at *21 (S.D.N.Y. Jan. 7,

---

[6] The Indictment calls this conspiracy "The Insider Trading Scheme." (Indictment p.3.)

2014) (internal brackets and ellipses omitted) (quoting United States v. Brockenborrugh, 575 F.3d 726, 737 (D.C. Cir. 2009)); see also United States v. Tutino, 883 F.2d 1125, 1141 (2d Cir. 1989) ("As long as the essence of the alleged crime is carrying out a single scheme to defraud, then aggregation is permissible."). Indeed, "it is well established that the allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for the conspiracy is the crime and that is one, however diverse its objects."[7] United States v. Ohle, 678 F. Supp. 2d 215, 221 (S.D.N.Y. 2010) (internal brackets omitted).

Defendant's duplicity argument is grounded in the flawed logic that because the Government charged separate conspiracies in other cases, including Raj's, it should be compelled to do so here. However, contrary to defendant's argument, there is no absolute contradiction between the Government's approach in these earlier cases and its approach here. Cf. Smith v. Groose, 205 F.3d 1045, 1052 (8th Cir. 2000) ("We do not hold that

---

[7] Moreover, the fact that Goel and Kumar are alleged to have provided inside information about different stocks at separate times does not prevent either one from being a co-conspirator in an overarching conspiracy involving both stocks. See United States v. Vanwort, 887 F.2d 375, 383 (2d Cir. 1989) ("The members of the conspiracy do not have to conspire directly with every other member of it, or be aware of all acts committed in furtherance of the conspiracy, or even know every other member. There is no requirement that the same people be involved throughout the duration of the conspiracy. Furthermore, a single conspiracy is not transposed into a multiple one simply by lapse of time, change in membership, or a shifting emphasis in its locale of operations." (internal quotation marks and citations omitted)).

prosecutors must present precisely the same evidence and theories in trials for different defendants. Rather, we hold only that the use of inherently factually contradictory theories violates the principles of due process."). One conspiracy may overlap with others in various ways, and the Government does not violate the Due Process Clause by charging different conspiracies against different defendants where, as here, these conspiracies are not mutually exclusive.

Furthermore, we are not persuaded by defendant's argument that allowing the Indictment to charge a single conspiracy creates an unfair risk of juror confusion, non-unanimity in the verdict, double jeopardy, confusion at sentencing, and prejudicial evidentiary rulings, and deprives him of adequate notice of the nature of the charge. This argument erroneously assumes that no single conspiracy existed. However, that has not been established. Moreover, it is far from clear that the allegation of a single conspiracy prejudices him, particularly now that Goel is not considered a co-conspirator. If such prejudice does arise, it can be addressed through a jury charge on multiple conspiracies and, if warranted, by other charges and instructions as well.[8]

---

[8] At oral argument, the Government acknowledged this approach, suggesting that "[t]he jury could be instructed on that as to whether there were multiple conspiracies here or not, more than one conspiracy, and the alleged prejudice

14

Therefore, we deny defendant's motion to dismiss or narrow Count One.   Given the sufficient allegations of a single conspiracy, we "cannot conclude on the basis of the pleadings alone that there is <u>no</u> set of facts falling within the scope of Count [One] that could warrant a reasonable jury in finding a single conspiracy."  <u>United States v. Gabriel</u>, 920 F. Supp. 498, 504 (S.D.N.Y. 1996) (emphasis in original).

We emphasize, however, that our present holding is limited to the question of whether the Indictment properly alleges a single conspiracy.   The separate question of whether such an overarching conspiracy existed, which the Government must show both to introduce certain evidence relating to defendant's alleged co-conspirators and to obtain a conviction on Count One, will be resolved at a later date.   If the Government fails to sufficiently establish the existence of this conspiracy, it may be precluded from introducing certain evidence.   In any event, defendant may raise the issue at the close of the Government's case or request a jury instruction on multiple conspiracies. There is no basis, however, for defendant's challenge to the properly pleaded conspiracy charge at this time.   <u>See</u> <u>United States v. Aracri</u>, 968 F.2d 1512, 1519 (2d Cir. 1992) ("Whether the government has proven a single conspiracy or has instead

---

seems to be something that can be addressed." (Oral Argument Tr. at 21.)

proved multiple other independent conspiracies is a question of fact for a properly instructed jury." (internal quotation marks omitted); <u>Molina</u>, 2013 U.S. Dist. LEXIS 80246, at *4 ("[T]he facts may well be susceptible to a theory of two conspiracies, and [the defendant] is free to argue that theory to the jury at trial."); <u>United States v. Reddy</u>, 2002 U.S. Dist. LEXIS 10795, at *23 (S.D.N.Y. June 18, 2002) ("Thus, the Indictment, on its face, alleges a single conspiracy with a common purpose. Whether the Government can present sufficient evidence to prove the single conspiracy alleged in Count One is a question that will be resolved at trial.").

## III. We Reserve Decision on Defendant's Motion to Dismiss Counts Four and Seven.

Defendant also maintains that Counts Four and Seven should be dismissed because they are inconsistent with Count One and internally inconsistent. "An indictment is defective if it contains logically inconsistent counts." <u>United States v. Conde</u>, 309 F. Supp. 2d 510, 511 (S.D.N.Y. 2003). Count One alleges that on March 24 and 25, 2008, Raj "caused" the Galleon Tech Funds to buy 261,800 shares of Clearwire stock based on material, nonpublic information. (Indictment ¶¶ 15, 21.) These are the same shares of stock that, according to Counts Four and Seven, defendant "caused" the Galleon Tech Funds to purchase. (Indictment ¶ 38.) Thus, Counts Four and Seven are inconsistent

16

with Count One.  Moreover, because Counts Four and Seven incorporate the allegations in Count One (see Indictment ¶ 37), they are internally inconsistent as well.

The Government attempts to reconcile these inconsistencies by stating that Raj actually caused the purchase of the shares, and that defendant aided and abetted their purchase by: (1) purchasing Clearwire shares in other accounts, and (2) discussing a detrimental Wall Street Journal article with Raj knowing that Raj had already purchased the shares listed in Counts Four and Seven.  This explanation is inadequate.

First, Counts Four and Seven clearly state that defendant "caused" the purchase of the Clearwire shares.  Aside from a citation to 18 U.S.C. § 2, the Indictment never mentions "aiding and abetting."  The Government does use this term in its Bill of Particulars, however, it does so in a context that is inconsistent with its aiding and abetting theory.  Indeed, paragraph 8 of the Bill of Particulars states that defendant "caused and/or aided and abetted the purchase of Clearwire common stock by directing certain Galleon Group traders . . . to execute those trades."  This claim, that defendant directed certain traders to execute the Clearwire trades, is wholly at odds with the Government's position that Raj was the one who

caused the trades while defendant merely offered indirect aid. (See Indictment ¶¶ 15, 38; Gov'n't Br. at 21-23.)

Moreover, the Government fails to allege a single fact that conceivably supports its aiding and abetting theory. In order to aid and abet, one must "seek by his action to make [the crime] succeed." In re Amaranth Natural Gas Commodities Litig., 730 F.3d 170, 182 (2d Cir. 2013) (quoting United States v. Peoni, 100 F.2d 401, 402 (2d Cir. 1938)). Purchasing stock in unrelated accounts and discussing a newspaper article with Raj after Raj had already committed the alleged securities fraud fails this test. The first action was unrelated to the crime and the second occurred after the crime was complete.

Therefore, Counts Four and Seven are internally inconsistent and cannot be salvaged through the Government's aiding and abetting theory as currently articulated. However, the Government has offered to advise defendant and the Court by May 9, 2014 as to whether it will proceed on these counts. We perceive no reason that the Government cannot reach a decision on this issue by May 1. We therefore reserve decision on defendant's motion pending the Government's determination of its course of action no later than May 1. If the Government chooses to proceed on Counts Four and Seven, it must offer a coherent, logical theory as to how defendant aided and abetted the alleged

securities fraud.  If it does not, we will grant defendant's motion to dismiss the counts.

## IV. Defendant's Motion to Suppress the Wiretap Evidence is Denied.

Lastly, defendant moves to suppress wiretap evidence, renewing arguments previously made by Raj.  Because these arguments have been squarely rejected by the Second Circuit, see United States v. Rajaratnam, 719 F.3d 139 (2d Cir. 2013), we deny the motion to suppress.

**CONCLUSION**

For the foregoing reasons, we reserve decision on the motion to dismiss Counts Four and Seven and deny the other motions.


Dated:     New York, New York
           April 17, 2014


                                    NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

**Attorneys for the Government**

Christopher Frey, Esq.
David Miller, Esq.
United States Attorney's Office
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007

**Attorney for Defendant**

Daniel M. Gitner, Esq.
Michael D. Longyear, Esq.
Derek Chan, Esq.
Lankler Siffert & Wohl LLP
500 Fifth Avenue
New York, NY 10110-3398