**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 29, 2014

**BY FACSIMILE AND BY ECF**

The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2270
New York, New York 10007

> Re:   **United States v. Rajarengan Rajaratnam, a/k/a "Rengan Rajaratnam,"**
>        **13 Cr. 211 (NRB)**

Dear Judge Buchwald:

Although the Government hesitates to entangle the Court unnecessarily in the details of its conversations with defense counsel, the incendiary allegations contained in the last paragraph of Mr. Gitner's May 28, 2014 letter simply cannot be allowed to stand unrefuted. Defense counsel's suggestion that the Government has engaged with him in bad faith is utterly baseless, and the notion that the Government has waited until the eleventh hour to sandbag the defendant mere weeks before trial with new evidence defies common sense.

On May 2, 2014, consistent with its offer earlier this year to provide the defendant with certain pretrial disclosures 45 days in advance of trial, the Government produced, among other things, its trial exhibits to defense counsel. On the evening of May 6, defense counsel contacted the undersigned via e-mail and requested to speak the following morning about certain of the audio recordings and transcripts the Government had marked as exhibits. The next morning, on May 7, the Government agreed to a telephone call with defense counsel to discuss those exhibits, and suggested that counsel identify – in an e-mail and in advance of speaking – his concerns, so that the Government could review the recordings independently and be prepared to have a more efficient discussion. Defense counsel declined to do so.

When the parties ultimately spoke on the morning of May 7, defense counsel recited the pages and lines of the transcripts to which he objected, providing only brief explanations for his concerns with what were often large portions of those recorded calls. Because defense counsel had declined to identify these pages and lines in writing in advance, the Government had no opportunity to review the portions defense counsel found objectionable prior to this call. Accordingly, the Government simply noted the page and line numbers recited by defense counsel during this conversation, and agreed to review the recordings with an eye toward attempting to reach agreement and avoid unnecessary motion practice. At no time during this call did the

Hon. Naomi Reice Buchwald, U.S.D.J.
May 29, 2014
Page 2

Government make any promises to defense counsel, beyond agreeing to review the recordings in light of the objections he made. Nor would the Government have made any such promises, in view of the fact that Government counsel had had no opportunity to review the objected to portions of the transcripts in advance of this call or to discuss the proposed redactions with one another.

The Government spoke with defense counsel again on May 8 – this time about counsel's unrelated criticism that the Government had not produced all of its summary chart exhibits by May 2, which defense counsel viewed as problematic given what he described as the voluminous trading and phone records that the Government had marked for use at trial. It was in the context of discussing the trading records and summary charts that the Government told defense counsel it was confident that counsel knew which *trades* were at issue, and represented that it did not intend to prove insider trading in securities other than Clearwire, AMD, and Akamai. There is no conceivable manner in which defense counsel could have construed these comments as an agreement not to offer at trial those portions of the audio recordings to which he had voiced objection the prior day. This is particularly so in light of the fact that on this very same day, the Government told defense counsel that it still had not had time to fully review the recordings in light of the issues raised on May 7, and defense counsel should therefore be prepared to file any appropriate motions by the Court's May 9 deadline.

Rather than leaving open the possibility of a miscommunication among counsel, defense counsel inexplicably (and unfortunately) lunges to an allegation of bad faith – one that is simply unsupported by the record. The Government takes its obligations in all regards with the utmost seriousness. It has not misled defense counsel, and it most certainly has not acted in bad faith.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
Christopher D. Frey
Randall W. Jackson
Assistant United States Attorneys
(212) 637-2270 / 1029

cc:   Daniel Gitner, Esq. (By E-mail)
      Michael Longyear, Esq. (By E-mail)