UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

     – v. –                :          13 Cr. 211 (NRB)

RAJARENGAN RAJARATNAM,      :
  a/k/a "Rengan Rajaratnam,"

                                :

                Defendant.

                                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE EXPERT TESTIMONY

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States
  of America.

Christopher D. Frey
Randall W. Jackson
Assistant United States Attorneys
   – Of Counsel –

**PRELIMINARY STATEMENT**

The Government submits this motion *in limine* regarding the single expert notice (the

"Expert Notice") provided by defendant Rengan Rajaratnam on May 28, 2014.  The Government

moves to preclude the defendant's expert from testifying. At this juncture, due to the defendant's

inadequate disclosure, the Government is seriously hampered in its ability to prepare for this

testimony at trial. At a minimum, the Court should require the defendant to produce forthwith

additional expert disclosures pursuant to Rule 16(b)(1)(C) of the Federal Rules of Criminal

Procedure for all witnesses, if any, from whom the defendant intends to elicit testimony at trial

based on specialized knowledge, including a meaningful expert disclosure for the only witness

mentioned in the inadequate one-paragraph Expert Notice. The Government has taken

extraordinary steps to provide early notice of its exhibits, 3500 materials, and other details of the

prosecution. Given this context, and given the repeated demands of defense counsel for

additional specificity as to every aspect of the Government's case, it is unacceptable that the

defendant has provided such insufficient expert notice. The Court should preclude any expert

testimony from this witness.

**BACKGROUND**

In a letter dated May 28, 2014, the defendant notified the Government that the defendant

may call Richard Barbash, a Certified Public Accountant ("CPA") to testify "as an expert"

witness at trial.  *See* Exhibit 1, attached.  The Expert Notice submitted by the defendant contains

no information regarding the opinions or positions of Mr. Barbash, nor does not it provide the

bases, methodologies, or reasons for any such opinions.  The entirety of the one-paragraph

Expert Notice states:

> [P]ursuant to the Court's May 28, 2014 Scheduling Order, [the
> defendant] provides the government notice that the defense has

1

> retained Richard J. Barbash, CPA, a partner at Citrin Cooperman
> LLP, as an expert.  *See* Fed. R. Evid. 703.  If he is to testify, Mr.
> Babash's testimony will concern reading trading records,
> brokerage records, and other financial records that may be in issue
> at the trial.  Enclosed please find Mr. Barbash's curriculum vitae."

The enclosed curriculum vitae ("CV"), in turn, is a one and a quarter page document summarizing Mr. Barbash's schooling, professional associations, and current and previous two employers, and providing generic bullet points describing at a high level the type of work Mr. Barbash has been engaged in, such as "analysis of financial transactions and records" and "preparation of expert's reports."  The CV provides no information regarding the opinions or positions Mr. Barbash has taken or might take with respect to financial analysis, nor does the CV reference any methodology or approach utilized by Mr. Barbash in connection with his analyses.

On June 4, 2014, the Government made a written request for additional expert disclosures, noting that Rule 16(b)(1)(C) requires the defendant to provide the Government with "a written summary of any expert witness testimony that the defendant intends to use" and further explains that the "summary must describe the witness's opinions, the bases and reasons for those opinions, and the witnesses' qualifications."  *See* Exhibit 2, attached.  The defendant disagreed that the Expert Notice was deficient, responding that Mr. Barbash would function "much like [the case agent] functioned in the Raj [Rajaratnam] [trial]," "read[ing] trading records and/or other financial documents pertinent to this case."  *See* Exhibit 3, attached.  It is the defendant's apparent position that testimony by a CPA concerning financial records does not require any expert disclosure as to that witness's opinions, nor their underlying bases and reasons.  *See id.*

## ARGUMENT

### I.   Applicable Law

#### A.   Disclosure Requirements Relating to Expert Testimony

Rule 16 requires that a defendant must "give to the government a written summary of any expert testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial."  Fed. R. Crim. P. 16(b)(1)(C).  Here, the defendant was required to provide expert notice by May 28, 2014, twenty days prior to the commencement of trial.  *See* Your Honor's May 8, 2014 Endorsed Scheduling Order.  "This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."  *Id*.

#### B.   Standards for Admissibility of Expert Testimony

Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based upon sufficient facts or data; (c) the testimony is the product of reliable principles and methods, and (d) the expert has reliably applied the principles and methods to the facts of the case.

The party that proffers expert testimony bears the burden of showing that it is admissible.  *See Bourjaily* v. *United States*, 483 U.S. 171, 175-76 (1987).  Moreover, the party seeking admission of expert testimony must demonstrate that the testimony is actually based on the witness's specialized knowledge and that specialized knowledge is required.  *See United States* v. *Mejia*, 545 F.3d 179, 196 (2d Cir. 2008) (district court erred in allowing expert testimony "about matters that required no specialized knowledge").  Expert testimony is inadmissible when

it merely addresses "lay matters [that] the jury is capable of understanding and deciding without the expert's help." *Andrews* v. *Metro N. Commuter Railroad Co.*, 882 F.2d 705, 708 (2d Cir. 1989).

In addition, the trial court plays a gatekeeping function in ensuring that proposed expert testimony is both relevant and reliable prior to admitting it into evidence. *Daubert* v. *Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589-90 (1993); *Kumho Tire Company, Inc.* v. *Carmichael*, 526 U.S. 137, 141 (1999). In *Daubert*, the Court held that the Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." 509 U.S. at 597; *see also Amorgianos* v. *National Railroad Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002) (district court should undertake a rigorous examination of the facts on which the expert relies, the expert's methodology, and the application of that methodology to the facts). "*Daubert* applies to both defense and government experts." *United States* v. *Yousef*, 327 F.3d 56, 148 (2d Cir. 2003). The fact that an expert may generally possess "specialized knowledge" does not automatically render his opinions relevant or reliable in a particular case. *See SEC* v. *Lipson*, 46 F. Supp. 2d 758, 762-63 (N.D. Ill. 1998) (fact that witness is a certified public accountant, generally possessing the "specialized knowledge" to qualify as an expert witness, does not automatically render his opinions reliable).

### C.     Lay Witnesses May Not Provide Expert Testimony

Rule 701 of the Federal Rules of Evidence provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

In addition to the requirement that any lay opinion testimony be based on the witness'

firsthand knowledge, Rule 701(c) explicitly prohibits witnesses who are not qualified as experts

from giving testimony that is "based on scientific, technical, or other specialized knowledge."

In, *Bank of China, New York Branch v. NBM LLC*, 359 F.3d 171, 181 (2d Cir. 2004), a case in

which the Second Circuit found that a district court abused its discretion in allowing a bank

employee to offer lay opinion testimony regarding business community standards because the

employee's testimony was not based entirely on his own perceptions but also on his experience

and specialized knowledge in international banking, the Court noted that Rule 701(c) is designed

"to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded

through the simple expedient of proffering an expert in lay witness clothing."

## II.   DISCUSSION

The defendant has identified Mr. Barbash as an expert witness, not a lay witness. *See*

Exhibit 1 ("the defense has retained Richard J. Barbash, a partner at Citrin Cooperman, LLP, as

an expert"). Yet the defendant asserts that the requirements Rule 16 imposes on expert

disclosures do not apply to Mr. Barbash. The defendant cannot have it both ways. At this

juncture, given the inadequacy of the disclosure, the Court should preclude Mr. Barbash's

testimony. At a minimum, the Court should require, for Mr. Barbash and for any other witnesses

from whom the defendant seeks to elicit testimony based on specialized knowledge, the

defendant to provide adequate expert disclosure.

### A.  The Court Should Preclude Mr. Barbash's testimony

As described above, the miniscule disclosure by the defendant as to Mr. Barbash's

expected testimony has unfairly impeded the Government's ability to prepare for this witness at

trial. For this reason, the testimony should be precluded. Moreover, there is no indication that

Mr. Barbash has the firsthand knowledge necessary to offer lay witness testimony in this case.

To the contrary, the CV provided by the defendant points to Mr. Barbash's previous experience in the accounting field generally, not to any firsthand knowledge of facts relevant to this case. Indeed, the defendant acknowledges that Mr. Barbash would base his conclusions "on his experience" and on the records. *See* Exhibit 3. Notably, Mr. Barbash's firsthand knowledge is even less than that of the bank employee who the Second Circuit determined provided impermissible lay testimony in *Bank of China.* In that case, unlike here, the witness had some personal knowledge, having been an employee of the bank during the time period relevant to the lawsuit. Nonetheless, because the opinions offered by the ex-employee also rested on his experience and knowledge in international banking, the Second Circuit found that district court abused its discretion in admitting such testimony. 359 F.3d at 181-82. Here, as in *Bank of China*, the proffered lay testimony is from a witness with experience and knowledge in a particular area of finance, in this case, accounting. The defendant should be precluded from improperly avoiding the reliability requirements of Rule 702 and Daubert "through the simple expedient of proffering an expert in lay witness clothing." *Id.*

### B.  The Defendant Must Provide Additional Expert Disclosures

To the extent that the Court is inclined to allow this witness to potentially testify, additional disclosures are plainly necessary. The Expert Notice provides both the Government and the Court with insufficient information to evaluate whether Mr. Barbash can properly be qualified as an expert under the Federal Rules of Evidence and *Daubert*. The Expert Notice contains no information about Mr. Barbash's opinions, nor any information upon which to evaluate whether Mr. Barbash's opinions, whatever they may be, are relevant and reliable as required by *Daubert*. Accordingly, the Government respectfully requests in the alternative that the Court order the defendant to provide additional expert disclosures for Mr. Barbash and for

any other witnesses who intend to present testimony based on specialized knowledge.  The

Government also requests that the Court order that the defendant provide these disclosures by

Friday, June 13, 2014, or be precluded from calling his experts at trial.  A principal rationale for

pre-trial expert disclosure is to allow the opposing party to evaluate the proposed expert

testimony, have adequate disclosures through which to cross-examine the expert, and identify

responsive experts where warranted.  These objectives cannot be achieved if the defendant does

not provide the required expert disclosures in a timely fashion.  The Government also requests

that the defendant specifically identify all of the documents relied upon by his expert and

produce copies of all such documents other than what the Government did produce in discovery.

Provided the defendant does provide the proper Rule 16 disclosures, the Government

may also seek to supplement this application to preclude improper areas of expert testimony that

may revealed once those disclosures are made.  The Government cannot yet determine what

these areas may be on the basis of the inadequate disclosure provided by defendant thus far.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court preclude the testimony of Mr. Barbash, or in the alternative, order the defendants to disclose more information regarding their proposed expert testimony pursuant to Rule 16(b)(1)(C) by Friday, June 13, 2014.


Dated:  June 12, 2014
        New York, New York

                                     Respectfully submitted,

                                     PREET BHARARA
                                     United States Attorney


By:  _____/s/_____
                                     Christopher D. Frey
                                     Randall W. Jackson
                                     Assistant United States Attorneys