*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 28, 2014

**BY FACSIMILE AND BY ECF**

The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2270
New York, New York 10007

    Re:    United States v. Rajarengan Rajaratnam, a/k/a "Rengan Rajaratnam,"
            13 Cr. 211 (NRB)

Dear Judge Buchwald:

       The Government respectfully submits this letter concerning the Court's instructions to the jury on the law at the close of trial. Specifically, in light of defense counsel's cross-examination of Sriram Viswanathan, Rajiv Goel, and Anil Kumar, and certain answers by those witnesses, the Government respectfully requests that the Court give the following instruction concerning the concept of "nonpublic" information, which was included in the charge of the Honorable Richard J. Sullivan in United States v. Contorinis, 09 Cr. 1083 (RJS):

> Information is nonpublic if it was not available to the public through such sources as press releases, Securities and Exchange Commission filings, trade publications, analysts' reports, newspapers, magazines, rumors, word of mouth or other sources. In assessing whether information is nonpublic, the keyword is "available." If information is available in the public media or in SEC filings, it is public. However, the fact that information has not appeared in a newspaper or other widely available public medium does not alone determine whether the information is nonpublic. Sometimes a corporation is willing to make information available to securities analysts, prospective investors, or members of the press who ask for it even though it may never have appeared in any newspaper publication or other publication. Such information would be public. Accordingly, information is not necessarily nonpublic simply because there has been no formal announcement or because only a few people have been made aware of it. . . . Whether information is nonpublic is an issue of fact for you to decide.

Hon. Naomi Reice Buchwald, U.S.D.J.
June 28, 2014
Page 2

> On the other hand, the confirmation by an insider of unconfirmed facts or rumors – even if reported in a newspaper [or an analyst report] – may itself be inside information.  A tip from a corporate insider that is more reliable or specific than public rumors is nonpublic information despite the existence of such rumors in the media or investment community.  Whether or not the confirmation of a rumor by an insider qualified as material nonpublic information is an issue of fact for you to decide.

The Government notes that the Second Circuit concluded that this instruction "adequately conveyed the applicable standards" in United States v. Contorinis, 692 F.3d 136, 144 (2d Cir. 2012).  Specifically, the Second Circuit noted:

> Insiders often have special access to information about a transaction.  Rumors or press reports about the transaction may be circulating but are difficult to evaluate because their source may be unknown.  A trier of fact may find that information obtained from a particular insider, even if it mirrors rumors or press reports, is sufficiently more reliable, and therefore, is material and nonpublic, because the insider tip alters the mix by confirming the rumor or reports.

Id. (citing SEC v. Mayhew, 121 F.3d 44, 52 (2d Cir. 1977)).  In light of the foregoing, the Government respectfully submits that the proposed language set forth above is the law of this Circuit and should be included in the Court's final jury charge.

Thank you for your consideration of this issue.

    Respectfully submitted,

    PREET BHARARA
    United States Attorney

By:    _____/s/ Christopher D. Frey_____
    Christopher D. Frey
    Randall W. Jackson
    Assistant United States Attorneys
    (212) 637-2270/1029

cc:    Daniel Gitner, Esq. (By E-mail)
    Michael Longyear, Esq. (By E-mail)