# LANKLER SIFFERT & WOHL LLP

ATTORNEYS AT LAW

500 FIFTH AVENUE  
NEW YORK, N.Y. 10110-3398  
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399  
TELEFAX    (212) 764-3701

June 30, 2014

**BY HAND AND ECF**

Honorable Naomi Reice Buchwald  
United States District Judge  
United States Courthouse  
500 Pearl Street  
New York, NY 10007

      Re:    **United States v. Rajarengan Rajaratnam, 13 Cr. 211 (NRB)**

Dear Judge Buchwald:

      We represent Rengan Rajaratnam in the above matter. We submit this letter in advance of the argument for judgment of acquittal on all counts, pursuant to Rule 29 of the Federal Rules of Criminal Procedure. The Court may recall the government's concession during an off-the-record side bar that there are few, if any, disputed facts in this case. Rather, as the government suggested on the record, the government's case against Rengan is built not on direct evidence, but on inferences that the government urges. (*See* Tr. 1042–43.)

      The Second Circuit has made clear that "if the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt." *United States v. Glenn*, 312 F.3d 58, 70 (2d Cir. 2002) (citation and internal quotation marks omitted).[1] In other words, and as is well-settled under Second Circuit precedents, "evidence that is 'at least as consistent with innocence as with guilt'" cannot support a conviction. *United States v. Mulheren*, 938 F.2d 364, 372 (2d Cir. 1991) (quoting *United States v. Mankani*, 738 F.2d 538, 547 (2d Cir. 1984) (vacating securities fraud convictions based on inferences urged by the government that were "no more valid than others equally supported by reason and experience.")

      This means that in cases such as this one, the Court should "weigh" the evidence when considering a motion for a judgment of acquittal. *See, e.g., id.* at 368 ("[T]he reviewing court must use its experience with people and events in *weighing* the chances that the evidence correctly points to guilt against the possibility of innocent or ambiguous inference.") (internal

---

[1] *See also United States v. Andujar*, 49 F.3d 16, 20 (1st Cir. 1995); *United States v. Wright*, 835 F.2d 1245, 1249 (8th Cir. 1987); *Cosby v. Jones*, 682 F.2d 1373, 1383 (11th Cir. 1982).

LANKLER SIFFERT & WOHL LLP

Hon. Naomi Reice Buchwald
June 30, 2014
Page 2

quotation marks and citation omitted) (emphasis added). Even when viewing the facts in the light favorable to the government, the Court should consider whether and to what extent the facts "thus construed" support inferences of guilt and/or innocence. *See United States v. D'Amato*, 39 F.3d 1249, 1256 (2d Cir. 1994) (vacating conviction, ordering dismissal of indictment, and holding that "the government must do more than introduce evidence at least as consistent with innocence as with guilt" (internal quotation marks omitted)).

If the Court concludes that the evidence at best gives equal or nearly equal support to a theory of guilt and innocence, then the count in question must be dismissed. *See Mankani*, 738 F.2d at 547 (reversing narcotics convictions after weighing inferences that could be drawn from evidence because defendant's actions were "at least as consistent with innocence as with guilt."); *Mulheren*, 938 F.2d at 372 (reversing convictions for securities fraud because "[a]t best [they were] based on evidence that is at least as consistent with innocence as with guilt, and on inferences no more valid than others equally supported by reason and experience") (internal quotation marks and citations omitted); *D'Amato*, 39 F.3d at 1256 (holding evidence of criminal intent insufficient to support mail fraud conviction, stating, "the government must do more than introduce evidence 'at least as consistent with innocence as with guilt.'" (quoting *Mulheren*, 938 F.2d at 372)); *Glenn*, 312 F.3d at 70 (reversing conviction for murder; "[i]f the evidence viewed in a light most favorable to the prosecution gives equal or nearly equal support to a theory of guilt and a theory of innocence, then a reasonable juror must necessarily entertain reasonable doubt"); *see also United States v. D'Angelo*, No. 02 CR 399, 2004 WL 315237, at * 13-14 (E.D.N.Y. Feb. 18, 2004) (granting Rule 29 motion where circumstantial evidence supporting government's contention that defendant committed murder with intent of joining racketeering enterprise equally supported inference that he had no such intent); *United States v. Martinez-Sandoval*, No. 01 CR 307, 2003 WL 1442454, at *5, 7 (S.D.N.Y. Mar. 6, 2003) (entering judgment of acquittal on grounds of insufficient evidence because there was equal or nearly equal circumstantial support for innocence or guilt with respect to whether defendant had knowledge of, and intent to join, charged conspiracy).

This standard has been applied in securities fraud cases. *See United States v. Cassese*, 428 F.3d 92 (2d Cir. 2005) (affirming grant of Rule 29 in securities fraud case because evidence "[v]iewed in the light most favorable to the prosecution . . . at best, g[ave] equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence") (internal quotation marks and citations omitted); *Mulheren*, 938 F.2d at 372.

LANKLER SIFFERT & WOHL LLP

Hon. Naomi Reice Buchwald
June 30, 2014
Page 3

* * *

In this case, not only is there a lack of proof regarding each count, but also the evidence *at least* supports "equal or nearly equal" theories of innocence and guilt on each count.

Accordingly, under the appropriate standard set forth above, at the close of the government's case, we respectfully will seek a judgment of acquittal.

Respectfully submitted,

Daniel M. Gitner

cc:   AUSA Christopher D. Frey (by email)
      AUSA Randall W. Jackson (by email)